ON THE MERITS
The general facts are that Michael Dou-cet, age 17, accompanied by his brother, Mitchell Doucet, age 16, went to the Alle-man residence to borrow a 22-caliber automatic rifle to go hunting the next day. They were greeted at the door by Patrick Alleman, age 16, who led them to his bedroom where the rifle, along with two or three other weapons, was on a rack hanging on the wall above the head of the bed. There is a conflict in the testimony as to the details of the accident.
Patrick testified that he knew the 22 rifle “could have been loaded” because his father kept it loaded to protect against intruders. He said he pointed out the rifle to Michael, intending to check it before turning it over to him. Patrick admits that he then removed a 38-caliber revolver from the gun rack, turned his back and walked away to check to see that it was unloaded. He testified under direct examination that he then turned around and pointed the pistol over Mitchell’s head and clicked the trigger, after which he “brought it down on him.” However, under cross-examination
Patrick admitted that he had given the following conflicting testimony in his pretrial deposition:
“Q. ‘Then you turned around?’
A. ‘To Mitchell.’
Q. ‘And pointed the gun at Mitchell ?’
A. ‘Yes, sir.’
Q. ‘And pulled the trigger?’
A. ‘Yes, sir.’
Q. ‘And the hammer clicked?’
A. ‘Yes, sir.’
“Was that your testimony?
A. (Witness nodded, indicating yes.)
Q. Are you saying yes ?
A. Yes, sir.”
Patrick testified that he then sat down on his bed and suddenly saw the barrel of the 22-caliber rifle about an arm’s length away, in the hands of Michael. The rifle fired and the bullet entered Patrick’s right cheek, went through his mouth, and became lodged in his neck.
Patrick’s father, Mr. Alleman, verified the fact that he left the rifle loaded to protect against intruders and that this was known to Patrick.
Mitchell testified that after they entered the bedroom Patrick pointed out the rifle on the rack to Michael. Then Patrick took the pistol from the rack and walked to the foot of his bed where he spun the cylinder. He says Patrick then turned and pointed the pistol in Mitchell’s face and pulled the trigger. Immediately thereafter, Mitchell heard the rifle shot and turned to see Michael holding the rifle at his side in a carrying position.
Michael testified that although he was familiar with shotguns, having hunted doves and ducks with such a weapon, he had never fired an automatic rifle and did not know how to determine whether it was loaded or on safety. He says he saw Pa *802 trick point the pistol at Mitchell and click the trigger. Michael testified he had the rifle at his side and that it suddenly discharged, but he was not aware that he had his finger on the trigger.
An expert gunsmith who examined and tested the rifle testified that it was in good working condition and very unlikely to discharge unless the trigger was pulled.
Pretermitting the question of Michael Doucet’s negligence, it is clear that Patrick Alleman was guilty of contributory negligence barring recovery on his behalf. He had superior knowledge of the rifle and knew that it was probably loaded. Patrick testified he was thoroughly familiar with weapons and knew the rules of safety, yet he voluntarily chose to engage in this hazardous horseplay, thereby exposing himself to a reasonably foreseeable danger. See the somewhat similar case of Laney v. Stubbs, 217 So.2d 468 (La.App., 1st Cir. 1968) in which a 14 year old boy was held contributorily negligent where he engaged in a quail hunt where the “beater” was using a 22-rifle to scare up the birds for those having shotguns. The court held:
“In view of Tommy’s age and experience with weapons, we find further that he was aware of and perceived the imminent danger with which said situation was fraught. Nevertheless he voluntarily chose to continue his participation in the venture and expose himself to the peril. This decision, in view of his knowledge, understanding, training and experience, constituted unreasonable conduct on his part in the face of a known or reasonably foreseeable danger to his person. He was, therefore, in legal contemplation, guilty of contributory negligence.”
Although the jury verdict was inconsistent in awarding damages to the plaintiff individually but rejecting the demands of plaintiff as administrator of the estate of the minor, it is reasonable to conclude the jury rejected an award for the minor because they thought he was contributorily negligent. There is ample evidence to support such a conclusion.
For the reasons assigned, defendants’ answer to the appeal is dismissed, and the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.